IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JENNIE M. ALLEN, )
 )
      Plaintiff, )
 )
v. ) 1:14CV743
 )
CAROLYN W. COLVIN, )
Acting Commissioner of Social )
Security Administration, )
 )
      Defendant. )

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Jennie M. Allen, brought this action pursuant to Section 205(g) of the Social Security Act (the "Act"), codified as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying her claims for a period of disability, disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The Court has before it the certified administrative record and cross-motions for judgment. For the reasons set forth below, the Court recommends that Defendant's motion (Docket Entry 17) be granted and Plaintiff's motion (Docket Entry 16) be denied.

## I. PROCEDURAL HISTORY

On September 30, 2011, Plaintiff filed an application for DIB and SSI alleging a disability onset date of May 1, 1973. (Tr. 120.)[1] Plaintiff's claim for SSI was denied on October

---

[1] Transcript citations refer to the administrative record which was filed with Defendant's Answer. (Docket Entry 8.)

13, 2011, because she exceeded the income requirements to be eligible for SSI. (Def.'s Br. Ex. A, Docket Entry 18-1.) There is no indication in the record that Plaintiff appealed this determination. Plaintiff's claim for DIB was denied initially and upon reconsideration. (Tr. 60-63, 66-68.) A hearing was held before an Administrative Law Judge ("ALJ") on April 22, 2013, as to Plaintiff's DIB claim only. (Tr. 18-35.) Plaintiff's attorney and a vocational expert ("VE") were present at the hearing. (Tr. 20-21.) On June 7, 2013, the ALJ determined that Plaintiff was not disabled within the meaning of the Act. (Tr. 8-12.) This decision became the final administrative decision after the Appeals Council declined review. (Tr. 1-3.) Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Commissioner held that Plaintiff was not under a disability within the meaning of the Act. Under 42 U.S.C. § 405(g), the scope of judicial review of the Commissioner's final decision is specific and narrow. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986). This Court's review of that decision is limited to determining whether there is substantial evidence in the record to support the Commissioner's decision. 42 U.S.C. § 405(g); *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hunter*, 993 F.2d at 34 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). The denial of benefits will be reversed only if no reasonable mind could accept the record as

adequate to support the determination. *Richardson*, 402 U.S. at 401. The issue before the Court, therefore, is not whether Plaintiff is disabled, but whether the Commissioner's finding that Plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See id.*; *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

Thus, "[a] claimant for disability benefits bears the burden of proving a disability," *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981), and in this context, "disability" means the "'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]'" *id.* (quoting 42 U.S.C. § 423(d)(1)(A)). "To regularize the adjudicative process, the Social Security Administration has . . . promulgated . . . detailed regulations incorporating longstanding medical-vocational evaluation policies that take into account a claimant's age, education, and work experience in addition to [the claimant's] medical condition." *Id.* "These regulations establish a 'sequential evaluation process' to determine whether a claimant is disabled." *Id.* (internal citations omitted).

This sequential evaluation process ("SEP") has up to five steps: "The claimant (1) must not be engaged in 'substantial gainful activity,' *i.e.*, currently working; and (2) must have a 'severe' impairment that (3) meets or exceeds the 'listings' of specified impairments, or is otherwise incapacitating to the extent that the claimant does not possess the residual functional capacity to (4) perform [the claimant's] past work or (5) any other work." *Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999) (citing 20 C.F.R. § 404.1520). The law

3

concerning these five steps is well-established. *See, e.g., Mastro v. Apfel*, 270 F.3d 171, 177-180 (4th Cir. 2001); *Hall*, 658 F.2d at 264-65.

### III. THE ALJ's DECISION

In his June 7, 2013 decision, the ALJ found that Plaintiff was not disabled under Sections 216(i) and 223(d) of the Social Security Act through March 31, 1974, the last date insured. (Tr. 12.) In making this disability determination, the ALJ found that Plaintiff had not engaged in "substantial gainful activity" since her alleged onset date through her date last insured. (Tr. 10.) Plaintiff thus met her burden at step one of the SEP. At step two, the ALJ determined that Plaintiff was not disabled at any time from her alleged onset date through March 31, 1974, because there was no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment during that time (citing 20 CFR § 404.1520(c)). (*Id.*) Consequently, since there was no medically determinable impairment, the ALJ ended the SEP at Step 2.[2]

### IV. DISCUSSION

Plaintiff raises two issues on appeal. First, Plaintiff argues that the ALJ failed to consider Plaintiff's SSI application. (Docket Entry 16-1 at 7-8.) Second, Plaintiff argues that the ALJ erred in finding that Plaintiff had not engage in substantial gainful activity after March 31, 1974. (*Id.* at 8-9.) As explained below, the undersigned concludes that the ALJ's decision

---

[2] Because Plaintiff was found not disabled at Step 2, the ALJ did not conduct an analysis on Plaintiff's Residual Functional Capacity ("RFC"). "RFC is to be determined by the ALJ only after [the ALJ] considers all relevant evidence of a claimant's impairments and any related symptoms (*e.g.*, pain)." *Hines*, 453 F.3d at 562-63 (citing 20 C.F.R. § 404.1529(a)).

4

is supported by substantial evidence and was reached based upon a correct application of the relevant law.

A. SSI Application

Plaintiff argues that the ALJ was required to consider Plaintiff's SSI application. Plaintiff's argument is without merit. SSI benefits are available to those who are aged, blind, or disabled, and have met specific income eligibility requirements. *See* 42 U.S.C. § 1381 *et seq.*; *Patterson v. Califano*, 475 F. Supp. 578, 583 (E.D. Va. 1979). When Plaintiff initially applied for SSI on September 30, 2011, her SSI application was denied for exceeding the income eligibility requirements. (Def.'s Br. Ex. A, Docket Entry 18-1.) In her "Notice of Disapproved Claim," Plaintiff was notified of her rights to file an appeal. (*Id.*) There is nothing in the record to suggest that an appeal was filed. Since Plaintiff failed to seek review of the initial determination of her SSI claim, the decision became final. 20 C.F.R. § 404.905 ("An initial determination is binding unless you request a reconsideration within the stated time period, or we revise the initial determination."). The record lacks evidence that Plaintiff requested a reconsideration of her SSI claim. Neither is there indication that the initial determination was revised. Thus, Plaintiff's claim fails.[3]

Even if Plaintiff made a request for reconsideration of her SSI claim, her argument with regards to her SSI application is not properly before this Court. "The Court of Appeals

---

[3] Plaintiff's argument is unsuccessful for another reason. It appears Plaintiff had another opportunity to address any disputes she had with the income determination made as to Plaintiff's SSI application. After requesting a hearing before the ALJ as to Plaintiff's DIB claim, Plaintiff and her counsel were notified of the issues to be considered at the hearing (concerning Plaintiff's period of disability and DIB application). (Tr. 90-91.) If Plaintiff disagreed with the issues listed, the hearing notice required Plaintiff to state in writing why she disagreed. (Tr. 92.) Neither Plaintiff nor her counsel addressed in writing any concerns about the issues presented, nor raised concerns about Plaintiff's SSI claim.

5

for the Fourth Circuit has held that, '[a]s a general matter, it is inappropriate for courts reviewing appeals of agency decisions to consider arguments not raised before the administrative agency involved.'" *Drake v. Colvin*, No. 1:13CV694, 2014 WL 4659487, at *5 (M.D.N.C. Sept. 17, 2014) (citing *Pleasant Valley Hosp., Inc. v. Shalala*, 32 F.3d 67, 70 (4th Cir.1994)). In social security cases, failure to raise arguments before the administrative agency have amounted to waiver by the claimant. *Id.*; *see also Bunton v. Colvin*, No. 1:10CV786, 2014 WL 639618, at *5 (M.D.N.C. Feb. 18, 2014) (collecting cases), *adopted*, No. 1:10CV786 (M.D.N.C. Mar. 10, 2014). "Even though disability benefits hearings 'are non-adversarial in nature' claimants, especially those represented by counsel, 'must raise all issues and evidence at their administrative hearings in order to preserve them on appeal.'" *Drake*, No. 1:13CV694, 2014 WL 4659487, at *4 (citing *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir.1999), *as amended* (June 22, 1999)). At the hearing, the ALJ stated that "a Title II claim only" was before him. (Tr. 21.) At no point during the hearing did Plaintiff's counsel indicate that he believed the ALJ was proceeding on both the DIB and SSI claims. Having failed to raise objections to this purported issue at the hearing, Plaintiff has waived this argument by asserting it for the first time before this Court.[4]

B. <u>Substantial Gainful Activity</u>

Next, Plaintiff argues that the ALJ erred in finding that Plaintiff did not engage in substantial activity after March 31, 1974. (Docket Entry 17-1 at 8-9.) The Court first notes

---

[4] This conclusion does not disturb the Supreme Court's opinion in *Sims v. Apfel*, 530 U.S. 103 (2000) (holding that issues raised before the ALJ but not the Appeals Counsel, are still within the district court's reviewing authority). The Court explicitly stated that "[w]hether a claimant must exhaust issues before the ALJ is not before us." *Id.* at 107. Here, Plaintiff did not raise the issue of her SSI application before either the ALJ or the Appeals Council.

6

that Plaintiff misstates the ALJ's findings. The ALJ found that Plaintiff "did not engage in substantial gainful activity during the period from her alleged onset date of May 1, 1973 through her date last insured of March 31, 1974." (Tr. 10.) Substantial gainful activity is "work activity that is both substantial and gainful . . . Substantial work activity is work activity that involves doing significant physical or mental activities . . . Gainful work activity is work activity that you do for pay or profit. . . ." 20 C.F.R. § 404.1572. Generally, the primary consideration for determining whether a claimant may have engaged in substantial activity is through "the earnings [a claimant] derive[s] from the work activity." 20 C.F.R. § 404.1574; *Payne v. Sullivan*, 946 F.2d 1081, 1083 (4th Cir. 1991). A rebuttable presumption arises if Plaintiff's earnings exceed the income guidelines set forth in 20 C.F.R. § 404.1574(b)(2). *Id.* (citing 20 C.F.R. § 404.1574(b)(2)). If a claimant is ultimately able to engage in substantial gainful activity, she will not be found disabled. *Id.* at 1082. (citing 20 C.F.R. § 404.1571). Here, Plaintiff's work history reports indicate that she did not exceed the income guidelines set forth in 20 C.F.R. § 404.1574(b)(2). (*See* Tr. 154-165 (indicating that Plaintiff did not engage in substantial activity during work period)). Thus, the ALJ's decision that Plaintiff had not engaged in substantial activity from the alleged onset date through the date last insured is supported by substantial evidence.[5]

---

[5] In any event, a determination that Plaintiff engaged in substantial activity between the years 1974 and 1994 would have undermined Plaintiff's argument that she was disabled. *Payne*, 946 F.2d at 1082 ("[I]f a claimant is able to engage in substantial gainful activity, he will be found to be not disabled.") (internal quotations and citations omitted).

7

Case 1:14-cv-00743-LCB-JLW   Document 19   Filed 02/29/16   Page 7 of 9

It is possible that Plaintiff is arguing that the ALJ's finding as to Plaintiff's date last insured was in error. However, based upon the evidence of the record, the ALJ's conclusion is supported by substantial evidence. The federal regulations set forth the requirements for determining a claimant's disability insured status. 20 C.F.R. § 404.130. This determination is based upon the number of quarters of coverage a claimant has based upon work activity during a specific time. *Id.*; *see also Schacht v. Barnhart*, No. CIV.3:02 CV 1483 DJS, 2004 WL 2915310, at *7 (D. Conn. Dec. 17, 2004) (unpublished) ("The Commissioner determines eligibility for DIB by counting the number of quarters per year a person works during a specific time period prior to the onset of the disability."). Here, the ALJ's finding is supported by the Field Office Disability Report. (Tr. 142, 185, 192.) At the hearing, the ALJ asked Plaintiff's counsel if there was any documentation showing that Plaintiff's date last insured should be later than March 31, 1974. (Tr. 25-26.) Counsel indicated that there was no documentation to substantiate that a later date should apply. (Tr. 26.) Furthermore, Plaintiff's counsel specifically stated that he had nothing further to submit in Plaintiff's case. (Tr. 29.) Thus, Plaintiff's argument fails. *Vanhoozer v. Astrue*, No. 107CV01622DFHTAB, 2008 WL 5070474, at *10 (S.D. Ind. Nov. 26, 2008) (unpublished) (no evidence to dispute that the ALJ properly determined his date last insured).

Moreover, since Plaintiff's last date insured was March 31, 1974, medical evidence in the record beginning in 1993 (Tr. 204-221) would have been beyond Plaintiff's date last insured. "Medical evaluations made after a claimant's insured status has expired are not automatically barred from consideration and may be relevant to prove a disability arising before the claimant's [date last insured]." *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340

8

(4th Cir. 2012) (citing *Wooldridge v. Bowen*, 816 F.2d 157, 160 (4th Cir. 1987)). However, the ALJ is not required to give consideration to evidence of impairments that were not linked to a claimant's condition prior to the date last insured. *See Johnson v. Barnhart*, 434 F.3d 650, 655-56 (4th Cir. 2005) (discrediting post-hearing assessments that indicated new impairments that were not linked to the plaintiff's condition prior to the date last insured). Here, the ALJ found that there were no medical records between the alleged onset date and Plaintiff's last date insured. (Tr. 11.) As such, any medical evidence generated in 1993 would have been irrelevant to Plaintiff's DIB claim. Therefore, Plaintiff's argument fails.

## V. CONCLUSION

After a careful consideration of the evidence of record, the Court finds that the Commissioner's decision is supported by substantial evidence and was reached based upon a correct application of the relevant law. Accordingly, this Court **RECOMMENDS** that Plaintiff's Motion for Summary Judgment (Docket Entry 16) be **DENIED**, that Defendant's Motion for Judgment on the Pleadings (Docket Entry 17) be **GRANTED**, and that the final decision of the Commissioner be upheld.

_____
Joe L. Webster
United States Magistrate Judge

Durham, North Carolina
February 29, 2016